IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CV-219-D(3)

| | |
|---|---|
| ADRIAN L. BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Adrian L. Bennett ("plaintiff" or "claimant") appeals the Commissioner of Social Security's ("Commissioner") final decision denying plaintiff's application for a period of disability and disability insurance benefits ("benefits"). Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") recommending that plaintiff's motion for judgment on the pleadings be denied, the Commissioner's motion for judgment on the pleadings be granted, and the final decision of the Commissioner be affirmed. Plaintiff objected to the M&R, and the Commissioner responded. As explained below, the court overrules the objections to the M&R, adopts the M&R, and affirms the Commissioner's final decision.

I.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2005)) (alteration in original & emphasis removed). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." Id. (quotation omitted).

The court has reviewed the record, the briefs, the M&R, the objections, and the response. As for those portions of the M&R to which plaintiff does not object, the court is satisfied that there is no clear error on the face of the record. Thus, the court adopts those portions of the M&R. As for the objections, the court reviews them de novo.

In reviewing the objections to the M&R, the court applies the same legal standard that Judge Webb discussed in the M&R. See M&R 2-3. Specifically, the court "must uphold the factual findings of the [administrative law judge] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see 42 U.S.C.A. § 405(g) (West Supp. 2007). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Under the substantial evidence standard, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589.

II.

On April 14, 2006, an administrative law judge ("ALJ") held a hearing regarding plaintiff's application for benefits. The ALJ uses a five-step process in evaluating disability claims. See 20 C.F.R. § 404.1520 (2007). Essentially, this process requires the ALJ to consider whether a claimant (1) is engaged in substantial gainful employment; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) possesses the residual functional capacity ("RFC") to return to his past relevant work; and (5) if not, whether he can perform other work in light of his age, education, work experience, and RFC. See M&R 3. The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five.

2

See, e.g., Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On June 17, 2006, the ALJ denied plaintiff's application for benefits. R. at 14-21. At step one in the five-step process, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. Id. at 16. Next, the ALJ determined that plaintiff had the severe impairment of degenerative disc disease of the lumbosacral spine. Id. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of a listed impairment. Id. At step four, the ALJ evaluated plaintiff's testimony and the medical evidence and determined that plaintiff possessed the RFC to perform a narrow range of light work. Id. at 17-20. Based on plaintiff's RFC, the ALJ found that plaintiff could not return to his past relevant work. Id. at 20. At step five, the ALJ relied on the testimony of a vocational expert ("VE") and concluded that a significant number of jobs existed in the national economy for a person with plaintiff's RFC and personal characteristics. Id. at 20-21. Accordingly, the ALJ concluded that plaintiff was not disabled. Id. at 21.

On September 1, 2006, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. See id. at 6-8. Plaintiff filed this action, and the parties filed cross motions for judgment on the pleadings.

III.

Plaintiff essentially makes three objections to the M&R: (1) the ALJ's findings were not supported by substantial evidence; (2) the M&R erred in affirming the ALJ's finding of no closed period of disability; and (3) the Magistrate Judge's review of the record does not provide a full and fair adjudication of plaintiff's claim. See Objs. to M&R 2-3, 5. First, plaintiff objects to the M&R's finding that substantial evidence supports the ALJ's credibility determination and

3

conclusions regarding plaintiff's alleged pain associated with post-laminectomy syndrome. Id. at 3-4. Plaintiff essentially argues that the ALJ failed to evaluate the entire record, ignored evidence concerning the severity of plaintiff's impairments, and selectively cited evidence supporting the ALJ's conclusion.

Plaintiff contends that the ALJ failed to consider evidence in support of plaintiff's credibility. Id. at 3. During the hearing, plaintiff testified that he had constant back and leg pain, which standing for long periods of time aggravated. R. at 211. He could stand for a period of 30 minutes and sit for a period of 30 to 40 minutes. Id. at 216. Plaintiff contended that he could walk one to two blocks and a drive a car for short distances. Id. at 217. He testified that he could lift 10 to 15 pounds, assist with household chores, occasionally mow the lawn using a riding lawnmower, and shop for groceries. Id. at 217, 221-22. Plaintiff noted that he had to lie down during the day for one to three hours and rest for longer periods of time after engaging in substantial activity. Id. at 218, 222. After reviewing the evidence, the ALJ found plaintiff's testimony not entirely credible. Id. at 19. The ALJ noted that plaintiff's spinal stenosis was corrected by surgery and that subsequent examinations revealed no clinical evidence of stenosis or nerve root compression. Id. Moreover, the ALJ found that plaintiff's ability to function improved under his treatment program and that plaintiff could perform light work. Id. The medical evidence also showed no signs of atrophy which might be expected in a person whose activities were markedly restricted by a debilitating disease. Id. Accordingly, the ALJ's credibility determination is fully supported by substantial evidence. Further, an ALJ need not discuss every piece of evidence in making a credibility determination. See, e.g., Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 762 n.10 (4th Cir. 1999). Where, as here, substantial evidence supports the ALJ's findings, the court may not reweigh the evidence or supplant the ALJ's judgment. See Craig, 76 F.3d at 589.

4

Plaintiff also argues that the ALJ failed to consider evidence in support of plaintiff's pain allegation associated with post-laminectomy syndrome. The ALJ, however, considered all evidence of record. See R. at 18. Specifically, the ALJ detailed the medical findings from plaintiff's initial visit to Doctor's Urgent Care Centre ("Urgent Care") and those of his treating physicians, Dr. Gregory Bauer and Dr. Barry Katz, and pain management specialist, Dr. Ron Long. Id. at 17-18. The ALJ's discussion of plaintiff's course of treatment fairly and accurately portrayed the record. Because some medically acceptable objective evidence of an underlying physical impairment that could reasonably be expected to cause pain existed, the ALJ considered subjective evidence of plaintiff's pain. Cf. Hyatt v. Sullivan, 899 F.2d 329, 336-37 (4th Cir. 1990) (stating Fourth Circuit standard for evaluation of pain allegation); 20 C.F.R. § 404.1529 (2007). The ALJ heard testimony from plaintiff indicating he had pain in his lower back that extended down both legs and pain in his right arm, hand, and fingers. R. at 213-14. Plaintiff also indicated that his condition worsened despite use of a TENS unit and daily medication. Id. at 212. The ALJ considered both the medically acceptable objective evidence and subjective evidence regarding plaintiff's pain allegations. Weighing the medically acceptable objective evidence with plaintiff's credibility, the ALJ concluded that plaintiff has the RFC to perform a narrow range of work. Id. at 19-20. Because substantial evidence supports the ALJ's findings, the court may not reweigh the evidence or supplant the ALJ's judgment. See Craig, 76 F.3d at 589. Plaintiff's objection is overruled.

Plaintiff next argues that the M&R erred in affirming the ALJ's finding of no closed period of disability. See Objs. to M&R 3. Plaintiff contends that the evidence supports a finding of a closed period of disability between January 14, 2004, and February 2005. Id. The ALJ's opinion discusses at length the objective medical evidence concerning plaintiff's impairment during the relevant time period. Specifically, the ALJ considered plaintiff's medical history beginning with

5

plaintiff's visit to Urgent Care on February 2, 2004, for his work-related injury. R. at 17. Plaintiff's treating physicians at Urgent Care restricted him to a limited range of sedentary work and did not indicate that he could not work. Id. at 17, 98-110. The ALJ describes plaintiff's treatment by Dr. Bauer from February 2004 through June 2004. Id. Dr. Bauer limited plaintiff to "sit down work" and did not indicate that plaintiff could not work. Id. at 117-23. The ALJ then discusses plaintiff's laminectomy performed on August 2, 2004, and Dr. Katz's post-operative treatment. Id. at 17-18. Having considered this evidence, the ALJ concluded that plaintiff had not been under a disability at any time through the date of the decision. Id. at 14. The ALJ's opinion thoroughly reviews the medical evidence and physicians' opinions for the period of time in question. Id. at 17-18. The ALJ considered plaintiff's testimony and fully explained the basis for plaintiff's RFC and reasons for discounting plaintiff's credibility. See id. Because substantial evidence supports the ALJ's decision, this objection is overruled. See Craig, 76 F.3d at 589.

Finally, the court has reviewed de novo those portions of the M&R to which plaintiff objects. See Diamond, 416 F.3d at 315. The court finds that the Magistrate Judge's review of the record provides a full and fair adjudication of plaintiff's claims. The court adopts the M&R and denies plaintiff's third objection.

IV.

For the reasons stated above, plaintiff's objections to the M&R are OVERRULED, and the court ADOPTS the M&R. Accordingly, plaintiff's motion for judgment on the pleadings is DENIED, the Commissioner's motion for judgment on the pleadings is GRANTED, and the final decision of the Commissioner is AFFIRMED.

SO ORDERED. This 29 day of October 2007.

JAMES C. DEVER III
United States District Judge